UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| BUCKHORN PARTNERS, LLC | : | CIVIL ACTION NO. 09-00238 |
| | : | |
| VERSUS | : | |
| | : | JUDGE: REBECCA F. DOHERTY |
| TAYLORS INTERNATIONAL | : | |
| SERVICES, INC., and TAYLORS | : | |
| INTERNATIONAL SERVICES, LTD. | : | MAGISTRATE: C. MICHAEL HILL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATED PROTECTIVE ORDER

NOW INTO COURT, comes plaintiff BUCKHORN PARTNERS, LLC and defendant TAYLORS INTERNATIONAL SERVICES, INC., who, through their undersigned counsel, have conferred and hereby jointly request that the Court issue a protective order in the above captioned matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**SCOPE OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

1. The terms of this Protective Order shall govern the disclosure, use, and disposition of Protected Information in the above-captioned litigation.

2. This Protective Order applies to confidential materials, documents and things including, without limitation, designated testimony adduced at depositions upon oral examination or upon written questions, answers to interrogatories, documents and tangible things produced, and answers to requests for admissions.

### DESIGNATION OF PROTECTED INFORMATION

3. Protected information shall be designated as follows:

   A. Material designated "PROTECTED" in connection with this law suit.

   B. Material designated "FOR ATTORNEY'S EYES ONLY" in connection with this law suit.

4. Material furnished subject to the terms of this Agreement designated "PROTECTED" shall be made available solely for the purposes of addressing issues associated with this suit.

5. Other highly sensitive, trade secret, competitive, confidential and proprietary material subject to the terms of this agreement designated "FOR ATTORNEY'S EYES ONLY" shall be made available solely for the purposes of addressing issues associated with this suit.

6. In designating information as Protected Information the designating party will make such designation as to information that it in good faith believes qualifies as Protected Information. The Protected Information designation shall be designated by marking

"PROTECTED" or "FOR ATTORNEY'S EYES ONLY" on the thing or each page of a document containing the information sought to be protected. A document need not be treated or considered as Protected Information unless and until it is marked "PROTECTED" or "FOR ATTORNEY'S EYES ONLY," or parties are notified in writing that a document is to be treated and considered as Protected Information.

7. In the event that one copy of a document is properly designated as Protected Information as set out above, and one or more copies of the document or the original are not so designated, the copies or original shall also be treated as Protected Information if the receiving party is actually aware of such fact. In any event, if written notice of the inconsistent designation is given to the receiving party and the originals or copies previously not so designated are then designated Protected Information, the receiving party shall be charged with maintaining the appropriate confidence after such designation.

8. In the case of a deposition transcript, a party claiming that information contained therein is Protected Information shall advise other counsel in writing of the specific pages of the deposition to be treated as Protected Information and why such designation is appropriate within ten (10) days following receipt of the transcript of the deposition. Alternatively, information disclosed at a deposition may be designated by the disclosing party as Protected Information by indicating on the

record at the deposition those portions or categories of information or testimony that are Protected Information. The portions of the deposition testimony containing such information shall be stamped "PROTECTED" OR "FOR ATTORNEY'S EYES ONLY" by the court reporter, and access thereto shall be limited as provided herein. Failure of the court reporter to stamp the transcript shall not affect the Protected Information designation or nature of the information, or the requirement of maintaining its protection pursuant to this Order.

9. "PROTECTED" or "FOR ATTORNEY'S EYES ONLY" documents shall not lose their confidential character simply because the documents are designated as exhibits to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as Protected Information.

10. Any material which is being produced in an electronic format, whether by computer disk or other "downloaded information" from computers may be designated "PROTECTED" or "FOR ATTORNEY'S EYES ONLY" by marking the object or thing containing the information sought to be designated as such.

11. No documents available for download by Pacer shall be designated "PROTECTED" or "FOR ATTORNEY'S EYES ONLY."

## USE OF PROTECTED INFORMATION

12. All Protected Information subject to the order shall be subject to the following

restrictions:

    A.    The documents and information shall be used solely for the purpose of the above captioned matter, and shall not be used for any other purpose;

    B.    The documents and information shall not be shown or communicated in any way inconsistent with this Protective Order to anyone other than those categories of persons herein; and,

    C.    No person receiving Protected Information pursuant to the terms of this Protective Order shall disclose it to anyone except as expressly allowed by this Protective Order.

13.    Each party shall cause its employees, counsel, witnesses, experts, or others to maintain and protect the confidentiality of the Protected Information in accordance with the terms of this Protective Order. All persons having access to Protected Information shall be put on notice that violation of the Protective Order shall subject them to sanctions.

14.    Each individual who receives Protected Information agrees to subject himself or herself to the jurisdiction of this Court for purposes of any and all proceedings relating to compliance with or violation of this Protective Order.

**PERSONS WITH WHOM PROTECTED INFORMATION MAY BE SHARED**

15.    Access to Protected Information shall be as follows:

    A.    Materials designated "PROTECTED" shall be restricted solely to the following persons:

        (i)    Counsel of record for the parties in the above captioned matter and attorneys employed by law firms who are counsel of record

Page 5 of 14

    for the parties in the above captioned matter, together with their respective clients in this proceeding;

  (ii) Clerical personnel and paralegals employed by such attorneys and parties, but only in the course of assisting the attorneys in this proceeding;

  (iii) Employees of each of the parties, to the extent that such employees reasonably require access to such documents for the purpose of assisting in this proceeding;

  (iv) Any consulting or testifying experts who (1) have been retained by a party or its attorneys as an expert in this proceeding and (2) prior to gaining such access, have signed a document in the form of Exhibit "A" attached hereto, which document shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of materials designated as "PROTECTED."

  (v) Judges and magistrates, court personnel, special masters, mediators, and court reporters and videographers attending or transcribing a deposition or court proceeding containing materials designated as "PROTECTED;"

  (vi) Any other person who is designated to receive materials designated as "PROTECTED" by (1) stipulation of all parties or (2) order of the Court.

(B) Access to materials designated "FOR ATTORNEY'S EYES ONLY" shall be restricted to the following persons:

  (i) Counsel of record for the parties in the above captioned matter and attorneys employed by law firms who are counsel of record for the parties in the above captioned matter;

  (ii) Clerical personnel and paralegals employed by such attorneys and parties, but only in the course of assisting the attorneys in this proceeding;

   (iii) Any consulting or testifying experts who (1) have been retained by a party or its attorneys as an expert in this proceeding and (2) prior to gaining such access, have signed a document in the form of Exhibit "A" attached hereto.

   (iv) Judges and magistrates, court personnel, special masters, mediators, and court reporters and videographers attending or transcribing a deposition or court proceeding containing materials designated as "FOR ATTORNEY'S EYES ONLY;"

   (v) Any other person who is designated to receive materials designated as "FOR ATTORNEY'S EYES ONLY" by (1) stipulation of all parties or (2) order of the Court.

16. All documents, testimony and other materials designated as containing Protected Information, as well as duplicates, notes, memoranda, and other documents referring in whole or in part to the confidential materials, shall be maintained in strictest confidence by all parties and their counsel. No persons other than persons identified in Paragraphs 14(A), subparagraphs (i), (ii), (iii), (iv), (vi), and 14(B), subparagraphs (i), (ii), (iii), and (v) of this Protective Order, shall review or participate in the review of any such Protected Information until that person signs an agreement in the form attached hereto as Exhibit "A," binding that person to the terms of this Protective Order. A copy of an executed acknowledgement in the form of Exhibit "A" attached hereto shall be exchanged with counsel for the designating party at least seven (7) days in advance of the disclosure of Protected Information.

17. Nothing contained herein, however, shall prohibit the designating party from

exchanging its own Protected Information with its own testifying or consulting experts, and the designating party shall have no obligation to exchange a copy of an executed acknowledgement in the form of Exhibit "A" attached hereto with opposing counsel under such circumstances.

18. When any document that includes Protected Information is filed in this proceeding, the Court is to be informed and a motion to file the Protected Information under seal asking the Court to retain that document in the strictest of confidence, unavailable to the public.

19. This Protective Order does not limit the right of the producing party to use its own Protected Information for any purpose.

20. The parties, their attorneys, and expert witnesses may retain copies of Protected Information through the end of this proceeding. All retained documents shall be subject to the recovery provisions set forth herein.

21. If Protected Information in the possession of a party to this action is subpoenaed or requested by any court, administrative agency, legislative body or other person not a party to this action, the entity to whom the subpoena is directed shall (i) immediately notify in writing counsel for the designating party, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person, or entity of the existence of this Protective Order and that the information

demanded has been identified as Protected Information pursuant to this Protective Order. The responsibility for attempting to prevent the disclosure or production of such Protected Information shall rest with the party who designated the information as Protected Information, and it shall respond within the time designated in the subpoena. A party's voluntary compliance with a subpoena for that party's Protected Information shall not be construed as a waiver of the provisions of this Protective Order.

22. Nothing in this Order shall bar or otherwise restrict any attorney in this proceeding from rendering advice to his client with respect to litigation and, in the course thereof, referring to or relying upon his examination of Protected Information.

23. Non-parties providing information may designate such information as Protected Information in accordance with this Protective Order. The Protected Information designations contained thereon, if any, shall have the same force and effect as if those designations were pursuant to the terms of this Protective Order. The provisions of this Protective Order relating to the challenge of the assertion of Protected Information shall apply to information provided by non-parties that is designated as Protected Information.

## **RAISING CHALLENGES**

24. This Protective Order shall be without prejudice to the right of the parties to request

Page 9 of 14

additional or differing protection.

25. The party designating information as Protected Information shall identify the information as such with a further designation of why the information should be so designated. If a dispute arises as to whether certain information should be designated as Protected Information under this Protective Order, prior to bringing any such question before the Court, the parties shall try first to dispose of such dispute by meeting and conferring, in person or otherwise, in good faith on an informal basis, absent an agreement. The burden shall rest on the designating party to establish with the Court that the information sought should be designated as Protected Information.

26. Without waiver of the foregoing, any party may bring before the Court at any appropriate time the question of:

(i) whether any particular information is or is not appropriately designated as Protected Information;

(ii) the need to be relieved of any obligation contained in this Order;

(iii) a modification or withdrawal of this Order;

(iv) any other action affecting discovery, the use of documents or information, or this Order.

27. All issues of discovery, the use of documents and information (including Protected Information), and regarding this Protective Order, its terms or construction, compliance therewith, or enforcement thereof, shall be brought before and decided

Page 10 of 14

by the Court.

28. If the designating party, upon receipt of a signed Acknowledgement in the form of Exhibit "A" that has been executed by any person or entity specified in Paragraphs 14(A) and/or 14(B), objects to the disclosure of Protected Information to the proposed recipient, the designating party shall provide written notice of the objection to the receiving party within seven (7) days of receipt, and no Protected Information shall be provided to the proposed recipient until this Court resolves the objection.

29. Nothing herein is intended to or shall change the burden of proof.

## INADVERTENT OR UNINTENTIONAL DISCLOSURE

30. An inadvertent or unintentional disclosure of Protected Information will not be construed as a waiver, in whole or in part, of (i) any party's claims of Protected Information either as to the specific information inadvertently or unintentionally disclosed or as to any other Protected Information disclosed prior to or after that date, or (ii) any party's right to designate said material as Protected Information pursuant to this Protective Order. This Protective Order does not in any way deprive any party or its right to contest another party's claims to protection for Protected Information. The other party shall not be in violation of this Protective Order with respect to disclosures to other persons made by the other party prior to the designation of that information as Protected Information pursuant to this Protective Order.

31. Should any documents, testimony, or information designated as Protected Information be disclosed, inadvertently or otherwise, to any person or party not authorized under this Protective Order, then the party responsible for the disclosure shall use its best efforts to (i) promptly retrieve the disclosed documents, testimony, or information from such unauthorized person or party; (ii) promptly inform such person or party of all the provisions of this Protective Order, (iii) request such person or party sign the Acknowledgment attached as Exhibit "A"; and (iv) deliver a copy of the signed Acknowledgment to counsel for the designating party. Nothing in this paragraph shall limit the right of the party that designated the Protected Information to seek any appropriate sanction or remedy against the party that inadvertently or otherwise disclosed the Protected Information to a person or party not authorized under this Protective Order.

32. Privileged material that is inadvertently or unintentionally produced shall be returned to the producing party either upon request or promptly upon discovery of the inadvertent or unintentional disclosure, whichever occurs first. If the issue of privilege or intent of production is challenged, the receiving party may retain the alleged privileged material until the issue is determined by the Court, but such material shall be treated as Protected Information. As the inadvertent or unintentional production of alleged privileged information shall not be construed or argued to be

a waiver of the privilege, neither shall its return be construed as an admission that a privilege exists.

### RELEASE AND DESTRUCTION OF PROTECTED INFORMATION

33. This Protective Order shall survive the final termination of this action and shall remain in effect after the conclusion of this litigation. Within ninety (90) days after the conclusion of this proceeding (including any appeal from any awards or judgments), and subject to further order of the Court or written stipulation of the parties, upon written request each party shall either (i) return all Protected Information to the party that designated the information as Protected Information or (ii) destroy all documents, exhibits, deposition transcripts, and all destruction of materials as specified in items (i) and (ii) above including pertinent portions of all notes, memoranda, summaries, or other documents (excluding pleadings, attorney notes, and work product) in the possession, custody, or control of any party or any entity or other person who had access to such Protected Information, including each party's attorney's, witnesses and experts.

### MISCELLANEOUS PROVISIONS

34. This Protective Order may only be modified (a) by a written agreement signed by all interested parties, or (b) by subsequent order of the Court.

35. Nothing herein shall be deemed a waiver of any right of the parties hereto under state

and/or federal law, or the doctrines of attorney-client privilege, or attorney work product, or other protective doctrine.

36. This Order shall be filed in the above captioned matter.

**SO ORDERED** at Lafayette, Louisiana, this 25 day of August, 2010.

_____
MAGISTRATE JUDGE HILL,
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

Agreed and Stipulated to by:

| s/Durward D. Casteel | s/John P. Wolff, III |
|---|---|
| Durward D. Casteel, Bar #18830 | John P. Wolff, III, Bar # 14504 |
| William M. McGoey, Bar #14205 | Nancy B. Gilbert, Bar #23095 |
| Aaron J. Messer, Bar #28153 | Tori S. Bowling, Bar #30058 |
| **Casteel & McGoey, LLC** | Tiffany N. Thornton, Bar # 30089 |
| 8313 O'Hara Court | **Keogh, Cox & Wilson, Ltd.** |
| Baton Rouge, LA 70806 | 701 Main Street |
| Telephone: (225) 273-4442 | Baton Rouge, Louisiana 70802 |
| Email: casteellaw@attglobal.net | Telephone: (225) 383-3796 |
| mcgoey@casteellaw.net | Facsimile: (225) 343-9612 |
| aaron@casteellaw.net | jwolff@kcwlaw.com |
| **Attorneys for BuckHorn Partners, LLC** | ngilbert@kcwlaw.com |
| | tbowling@kcwlaw.com |
| | tthornton@kcwlaw.com |
| | **Attorneys for Taylors International Services, Inc.** |

Page 14 of 14