UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BUCKHORN PARTNERS LLC | CIVIL ACTION NO. 6:09-CV-00238<br>c/w 6:09-CV-00467 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TAYLORS INTERNATIONAL SERVICES INC.,<br>ET AL. | MAGISTRATE JUDGE HILL |

## MEMORANDUM ORDER

Defendant Taylors International Services, Inc. ("Taylors Inc.") moves the Court to reconsider its memorandum order denying its motion for summary judgment. In the event the Court declines to reconsider its ruling, Taylors Inc. urges certification of the following issue for interlocutory appeal:

> Whether Esso Chad and BuckHorn Partners have standing, or alternatively own or possess the legal right, to prosecute veil-piercing claims against Taylors Inc., notwithstanding the dissolution of the alleged control entity, Taylors International Services, Ltd., pursuant to Alderney law, and resulting transfer of all causes of action and other assets owned by Taylors International Services, Ltd., to the Crown by operation of law.

For the reasons given below, the Court **DENIES** both Taylors Inc.'s motion to reconsider and motion to certify.

I.   **Motion to Reconsider**

Federal Rule of Civil Procedure 54(b) provides:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all the claims

and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

This Court thus has the power to revise or even reverse its previous ruling. This power must, however, be used only when necessary so as not to inviting endless relitigation of the same issues. Loumar, Inc. v. Smith, 698 F.2d 759, 762 (5th Cir. 1983) (a court will follow a ruling previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice). "A judge should hesitate to undo his own work… But until final judgment or decree there is no lack of power, and occasionally the power may properly be exercised." Id. (quoting Peterson v. Hopson, 29 N.E.2d 140, 144 (Mass. 1940) (Lummus, J.)).

The Court will thus not reconsider its previous ruling unless Taylors Inc. shows it is "erroneous, no longer sound, or would work an injustice." Id. Those portions of Taylors Inc.'s motion that merely rehash its earlier summary judgment arguments merit no further discussion. Taylors Inc. has, however, submitted a second affidavit that purports to correct the Court's understanding of Alderney law. In particular, Mr. Newman, the affiant, takes issue with the Court's statement that "nothing suggests that the U.K. Crown is the only party that could bring those claims" and submits the following clarification:

> The position is that, unless the asset (in this case the cause of action) has been assigned by the Liquidator, it is the Company's asset, held on a special type of trust for the creditors (as stated above) and thus if the asset remains with the Company upon its dissolution, only the Crown has the standing to bring the claim on behalf of the Company.

[Record Document 169-4, p.4].[1]

Mr. Newman further explains that in his previous affidavit, he did not intend to state that actions by creditors "in respect of the Company generally" against third parties would be stayed, but rather only that proceedings "being brought by creditors to enforce their judgment debts **against** the Company" would be stayed. Id. at 5 (emphasis in original). Mr. Newman elaborates,

> [c]learly, if creditors of the Company were pursuing their own actions against third parties prior to the liquidation then those can continue. However, the Court will stay any actions being brought against the Company by creditors because, to allow creditors to recover the Company's assets ahead of other creditors, would offend the pari passu principle...

Id.

Mr. Newman does not explicitly discuss the present situation—where the same claim, here a reverse-veil-piercing claim, could be brought by both the debtor and a creditor. As Esso Chad points out, however, Mr. Newman's broad statement that nothing in Alderney insolvency law prevents a creditor from proceeding against a third party supports the Court's ruling. It is also consistent with the explanation of Alderney law given by Mr. Tyler, Esso Chad's expert:

> there is nothing under those laws [of Alderney] which would result in a third party claim, whether stayed during the course of a liquidation or not, becoming vested in the Crown on the liquidation of such a company. Section 107(9) of the Law makes no provision whatsoever to transfer third party assets to the Crown, including claims, as Advocate Newman himself confirms in Paragraph 20 of the

---

[1] The Court also notes Mr. Newman's clarification that the proper sovereign is not the "U.K. Crown" but in fact the "British Crown in its residual and historical capacity as the Duke of Normandy, acting by its representative in the Bailiwick, HM Receiver-General." [Record Document 169-4, p.4].

Second Statement (as quoted above).

[Record Document 174-1, p.4].

Because Mr. Newman's second affidavit supports the Court's previous ruling, Taylors Inc. has failed to show that the ruling was erroneous. Accordingly, the Court **DENIES** the motion to reconsider. [Record Document 169].

## II.   Motion to Certify

Taylors Inc. moves in the alternative to certify the court's ruling for interlocutory appeal. 28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order

28 U.S.C. § 1292(b).

Citing Commil USA, LLC v. Cisco Sytems, Inc., Taylors Inc. argues that there is a substantial ground for difference of opinion because the Court's ruling involves a complicated question arising under foreign law. No. 2:07-CV-341, 2011 WL 738871, at *4-5 (E.D. Tex. Feb. 23, 2011). Assuming for the purpose of argument that the issue resolved by the Court's ruling is a "complicated" question of foreign law, the Court nevertheless does not find that there is a substantial ground for difference of opinion. The affidavits submitted by both of the parties' experts agree that nothing in Alderney insolvency law precludes creditors from bringing post-dissolution claims against third

parties. Furthermore, Taylors Inc. has failed to call into question the Court's ruling that the "belonging-to" analysis is only relevant to the determination of whether a stay should be entered during the pendency of an insolvency proceeding.

At the conclusion of this matter, the parties will have a full opportunity to argue these issues of law before the appellate court. Taylors Inc. has not, however, made a sufficient showing that certification for interlocutory appeal is appropriate at this time. Taylors Inc.'s motion to certify is therefore **DENIED**.

### III. Conclusion

For the reasons given above, Taylors Inc.'s Motion for Reconsideration, Summary Judgment, or to Certify Order for Appellate Review [Record Document 169], be and is hereby **DENIED**.

SIGNED in Shreveport, Louisiana, this 30th day of May, 2013.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE