UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BUCKHORN PARTNERS LLC                       CIVIL ACTION NO. 6:09-CV-00238

VERSUS                                      JUDGE ELIZABETH ERNY FOOTE

TAYLORS INTERNATIONAL SERVICES INC.,        MAGISTRATE JUDGE HILL
ET AL.

**MEMORANDUM ORDER**

Before the court is a Motion for Partial Summary Judgment [Record Document 180] filed by Taylors International Services, Inc. (Taylors, Inc.) seeking to limit the claim of Plaintiff BuckHorn Partners, L.L.C. (BuckHorn). For the reasons expressed below, the Motion for Partial Summary Judgment [Record Document 180] is **DENIED**, reserving to both parties the right to raise the issue as to what jurisdiction's law governs the legal theories which BuckHorn asserts to hold Taylors, Inc. liable in this matter.

I.  **Facts and Discussion**

This controversy arises out of a letter agreement between BuckHorn and Taylors Ltd. in which BuckHorn, acting as a business development consultant, agreed to assist Taylors Ltd. in obtaining business opportunities in Iraq with Sallyport Global Holdings and others. [Record Document 61, p. 4-5]. In return, Talyors Ltd. would pay BuckHorn a

specified commission. Although the written contract in question is specifically between BuckHorn and Taylors, Ltd., this suit is against Taylors, Inc. BuckHorn alleges the Taylor Group (Taylors Ltd., Trellech Limited, Taylors, Inc. and other entities), concerned with its liability to a third party, entered into a sham agreement, entitled "Share Sale and Loan Novation," to protect the assets of Taylors, Inc. from its association with Taylors, Ltd. [Record Document 189, p. 3]. BuckHorn also contends that it was Taylors, Inc. which then assumed the contract and began to work to develop Iraqi business opportunities. Thus, BuckHorn seeks to hold Taylors, Inc. responsible for the commissions owed under the letter agreement.

BuckHorn asserts a variety of different but related legal theories to impose liability on Taylors, Inc. for payment of the commissions BuckHorn contends are owed to it as a result of the letter agreement. Among these theories are: successor in interest; single business enterprise; and alter ego theories. Based on the sole fact that Taylors, Inc. was incorporated in Nevada, in the pending motion Taylors, Inc. seeks to have this Court declare that Nevada law applies to these theories, to eliminate BuckHorn's single business enterprise theory, and to limit discovery in an unspecified manner to comport with the substantive Nevada law. This court declines to so limit discovery.

As to the issue of which jurisdiction's law applies to Buckhorn's theories of liability, this Court makes no decision at this time. The parties' briefs left many unanswered questions for the Court. The parties should seek the Court's guidance as to what these unanswered questions are before raising the issue again.

## II. Conclusion

Thus, the Motion for Partial Summary Judgment [Record Document 180] is **DENIED**, reserving to both parties the right to raise the issue as to what jurisdiction's law governs the above described issues.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 9th day of September, 2013.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE