UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

---

| | |
|---|---|
| BUCKHORN PARTNERS, L.L.C. | CIVIL ACTION NO. 6:09-cv-0238 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| TAYLORS INTERNATIONAL SERVICES, INC. | MAGISTRATE JUDGE HILL |

---

MEMORANDUM ORDER

Before the Court is a Motion for Partial Summary Judgment [Record Document 250] filed by Taylors International Services, Inc. ("Taylors"). Taylors argues that there is no genuine dispute that the contracts between it and a number of clients involved in Iraq did not arise out of or relate to its contracts with Sallyport Global Holdings, LLC ("Sallyport").[1]  For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.  The Court GRANTS the portion of the motion that seeks summary judgment on BuckHorn's claims arising out of Taylors's contracts with the British Embassy, the Danish Embassy, the Australian Embassy, the Swedish Embassy, AEBEA, Garda World, Edgo, Petronor, and URG.  These claims are DISMISSED with

---

[1] The controlling Letter Agreement between BuckHorn and Taylors reads in pertinent part, "Company [Taylors] shall pay Consultant [BuckHorn] an amount equal to three percent (3%) of the gross sales of the Company related to or arising out of the provision of any life support activities introduced by the consultant in Iraq or any contract with Sallyport . . . ." [Record Doc. 193-4, p.1].  The Court has held that it would be reasonable to interpret this clause to require Taylors to pay BuckHorn a portion of the gross sales from contracts related to or arising out of the Sallyport contracts.  Def. Ex. 1, Record Doc. 250-4, p. 57.

prejudice. The Court DENIES the motion to the extent that it seeks dismissal of BuckHorn's claims arising out of the contracts with Triple Canopy and DynCorp.

Summary Judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure if the movant shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the moving party does not bear the ultimate burden of persuasion on the claim at issue, it meet its burden of production by offering affirmative evidence in the form of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials proving that the non-moving party cannot show a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(a). If the moving party carries its burden of production under Rule 56, the burden shifts to the non-moving party to show that there is a genuine dispute as to material fact for trial, either by pointing to or rehabilitating evidence already in the record, or by offering new evidence. Celotex v. Catrett, 477 U.S. 317, 332-33 (Brennen, J., dissenting). A genuine dispute for trial exists when a rational trier of fact looking at the record could find for the non-moving party. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Co., 475 U.S. 574, 586-87 (1986); Wallace v. Tex. Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). If the non-moving party makes an evidentiary showing of a genuine issue of material fact, then the burden shifts again to the moving party to show the inadequacy of this evidence. Celotex, 477 U.S. at 332. However, if the non-moving party does not carry its burden, the court shall enter summary judgment

against them. Fed. R. Civ. P. 56(a).

The Court will first address the claims stemming from the contracts with the British Embassy, the Danish Embassy, the Australian Embassy, the Swedish Embassy, AEBEA, Garda World, Edgo, Petronor, and URG. Taylors has presented affirmative evidence in the form of affidavits that these contracts were unrelated to the Sallyport contracts. In response, BuckHorn has failed to offer any evidence tending to show otherwise. BuckHorn does not even attempt to attack the sufficiency of the evidence offered by Taylors. Instead, BuckHorn refers to the same undeveloped "foothold" argument that the Court has already rejected.[2] Taylors has thus met its initial summary judgment burden, and BuckHorn has failed to respond with any evidence or fresh argument. Summary judgment must therefore be granted on the claims arising out of the above-mentioned contracts.

Turning to the claims arising out of the Triple Canopy and DynCorp contracts, Taylors has submitted affidavits stating that its contracts with Sallyport played no part in Triple Canopy's and DynCorp's decisions to work with it. The Court has already

---

[2]BuckHorn has conceded that it did not introduce Taylors to any clients in Iraq other than Sallyport. It maintains, however, that it is entitled to commissions on Taylors's other Iraqi contracts because they arose out of or are related to the Sallyport contract. Def. Ex. 1, Record Doc. 250-4, p. 18. One theory previously offered by BuckHorn to explain the relationship between these other contracts and the Sallyport contract was that the Sallyport contract gave Taylors a foothold in Iraq without which no other contracts would have been possible. BuckHorn did not explain why simply being present in Iraq was different than being present anywhere else, such that subsequent contracts in Iraq could be said, without further evidentiary support, to have arisen out of the first contract. The Court held that this argument, without further elaboration, failed to raise a genuine question of material fact. Id. at 58.

found, for the reasons given during the December 23, 2013 hearing, that a genuine question of material fact exists with respect to whether the Triple Canopy contract arose out of the Sallyport contract.  The affidavits presented in connection with the present motion offer additional evidence for the jury to weigh in resolving that question, but they do not conclusively resolve it.  Regarding the DynCorp contract, BuckHorn points out that the Sallyport contracts were listed in the bid that Taylors presented to DynCorp.  Taylors argues that its affidavit conclusively establishes that the Sallyport contracts were unrelated to Taylors's work for DynCorp, but it is simply not true that the affidavit is necessarily conclusive.  Taylors and BuckHorn have both offered evidence on which a reasonable finder-of-fact could rely to resolve the question of whether the DynCorp contract arose out of the Sallyport contract.  The resolution of this question, however, will require the finder-of-fact to weigh conflicting evidence and to judge the credibility of witnesses.  It is therefore inappropriate for disposition at summary judgment.

Accordingly,

IT IS HEREBY ORDERED that Taylors's Motion for Partial Summary Judgment [Record Document 250] is GRANTED IN PART and DENIED IN PART;

IT IS HEREBY ORDERED that BuckHorn's claims arising out of contracts with the British Embassy, the Danish Embassy, the Australian Embassy, the Swedish Embassy, AEBEA, Garda World, Edgo, Petronor, and URG be DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Shreveport, Louisiana, this __6th__ day of May, 2014.

```
_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE
```